UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

TIMOTHY WARREN BOYDSTUN,

    Debtor.

No. 7-11-12456 TR

JOY GALEY,

    Plaintiff

v.

Adv. No. 12-1298 T

TIMOTHY WARREN BOYDSTUN,

    Defendant.

**MEMORANDUM OPINION ON PLAINTIFF'S MOTION TO WAIVE FILING FEE**

This matter is before the Court on Plaintiff's Motion to Waive Filing Fee, filed October 12, 2012, doc. 2 (the "Motion"). In support of her Motion, Plaintiff submitted a signed Declaration of Facts and Information and an Application to Proceed in District Court without Prepaying Fees or Costs (Long form). For the reasons set forth below, the Court finds that it should defer the filing fee in this adversary proceeding, but that if Plaintiff obtains a money judgment, she must pay the filing fees upon collection of any substantial portion thereof.

I.    FACTS

Plaintiff is 55 years old and has had nine years of schooling. Her only income is $859 per month of disability income, or $10,248 per year. The applicable 2012 Poverty Guidelines sets $11,170 as the poverty level for a family of 1. *See* U.S. Dept. of Health & Human Services web site, http://aspe.hhs.gov/poverty/12poverty.shtml. Plaintiff lives at a poverty level. Her monthly expenses total $859, which does not include anything for clothing, medical or dental expenses, or health insurance. Her only assets are $0.11 in a checking account and a 1998 Ford

Taurus which she values at $300. She does not expect any major changes in her income or expenses or assets or liabilities during the next year.

## II. DISCUSSION

### A. Can The Court Waive or Defer Creditor Fees?

Fees in bankruptcy cases are established by 28 U.S.C. § 1930. Subsection (f), added in 2005 by the Bankruptcy Abuse Prevention and Consumer Protection Act, P.L. 109-8, § 418(2), provides in part:

> (3) This subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors.[1]

The subsection seems to allow bankruptcy courts to waive fees prescribed under 28 U.S.C. § 1930.[2] The Compendium notes, however, that the Judicial Conference has not yet issued a policy concerning creditor fee waivers. Compendium, p. 58. It also notes that under prior law (*i.e.*, before subsection (f) was enacted) the courts were divided on the issue. *Id.*

For example, in *In re Richmond*, 247 Fed. Appx. 831 (7th Cir. 2007) the Seventh Circuit, applying the prior version[1] of 28 U.S.C. § 1930, found that there was no provision in the Bankruptcy Code or Title 28 explicitly stating whether a bankruptcy judge could allow a creditor to proceed without prepaying fees. 247 Fed. Appx. at 833. The Court found, however, that 28 U.S.C. § 157(a) allowed referrals of all bankruptcy related cases and proceedings to the bankruptcy judges for the district, authorized bankruptcy judges to hear and determine all such cases and proceedings, and authorized bankruptcy judges to enter appropriate orders and

---

[1] Subsections (f)(1) and (f)(2) deal with waivers of fees for debtors. As this case deals with a creditor's fee waiver request, only subsection (f)(3) is relevant.

[2] Bankruptcy Fee Compendium III, p. 58 n. 261 (April 2012 ed.) (the "Compendium"), available at http://www.nmb.uscourts.gov/files/Bankruptcy_Fee_Compendium.pdf.

[1] Richmond was decided after the passage of the 2005 amendments to 28 U.S.C. § 1930, but before their effective date.

judgments, subject to appellate review. The Court concluded that since the district court could waive the fees, the bankruptcy court obtained the same right upon delegation from the district court. *Richmond*, 247 Fed. Appx. at 834-35. In dicta, the *Richmond* Court noted that under the amended version of 28 U.S.C. § 1930 "[T]he bankruptcy and district courts clearly have the authority to allow creditors to proceed *in forma pauperis*". 247 Fed. Appx. at 832. *Cf. Bernegger v. King (In re Bernegger)*, 2011 WL 1743880, at *2 (E.D. Wis. 2011)("[Section] 1930(f)(3) does not provide the authority to waive fees nor does it reference where such authority exists. All § 1930(f)(3) provides is that any such waiver would have to be 'in accordance with Judicial Conference policy.'")

The Court of Appeals for the Tenth Circuit has not addressed the issue. However, in *Vie Health Center, LLC v. Martel (In re Martel)*, 328 Fed. Appx. 584 (10th Cir. 2009) (Unpublished) a debtor claiming indigence filed an appeal from a bankruptcy court order without paying the required fees. The Bankruptcy Appellate Panel informed the debtor that he must pay the fees or risk dismissal for lack of prosecution, and instructed him to seek a waiver from the bankruptcy court. He did not, and the BAP dismissed the appeal. The Tenth Circuit affirmed, stating that fee waiver requests had to be directed to the bankruptcy court, not to the bankruptcy appellate panel, because 28 U.S.C. § 1930(f) only allows bankruptcy and district courts to waive fees. *Id.* at 586.

This Court finds *Richmond* persuasive in its interpretation of both pre-2005 and current law. The Court also believes the Tenth Circuit would agree with *Richmond* that § 1930 allows a bankruptcy court to waive creditor fees.

    B.    <u>What Showing Must a Creditor Make</u>?

The remaining question is whether Plaintiff is entitled to the requested relief.

28 U.S.C. § 1915, "Proceedings in forma pauperis," is the statute courts traditionally apply in determining whether to waive fees in federal courts. That section provides, in part:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[2] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

In *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) the Supreme Court stated the policy grounds for the *in forma pauperis* statute:

> In enacting the federal in forma pauperis statute, Congress "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because ... poverty makes it impossible ... to pay or secure the costs" of litigation. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85, 90, 93 L.Ed. 43 (1948) (internal quotation marks omitted). At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke [v. Williams],* supra, 490 U.S. [801] at 324, 109 S.Ct. [1827], at 1831 [(1989)]. In response to this concern, Congress included subsection (d) as part of the statute, which allows the courts to dismiss an in forma pauperis complaint "if satisfied that the action is frivolous or malicious."

The *Denton* Court also discussed what constitutes a "frivolous" claim:

> As we stated in *Neitzke*, a court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," 490 U.S., at 327, 109 S.Ct., at 1833, a category encompassing allegations that are "fanciful," *id.*, at 325, 109 S.Ct., at 1831, "fantastic," id., at 328, 109 S.Ct., at 1833, and "delusional," *ibid*. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous

---

[2]Although the statute uses the term "prisoner," § 1915(a) applies to all persons applying for *in forma pauperis* status. *Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

-4-

without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction."  Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977).

*Id.* at 32-33.

Because 28 U.S.C. § 1930(f) serves essentially the same functions of 28 U.S.C. § 1915 in the bankruptcy context, a similar analysis seems appropriate.  Therefore, the merits of a creditor's fee waiver application turn on whether the creditor has made a sufficient showing of inability to pay the fee, and a sufficient showing that her complaint is not frivolous or malicious.

C.	Plaintiff Has Made the Required Showing to Defer the Fee.

The Court finds Plaintiff has demonstrated that she cannot pay the filing fee.  She has insufficient assets to pay the fee and a negative cash flow which she anticipates will not change.  She is disabled, and has only a limited education.

The Court also finds that Plaintiff's allegations[3] in this adversary proceeding are not frivolous or malicious.  If her allegations are true, at a minimum she has stated the prima facie elements of a 11 U.S.C. § 523(a)(6) nondischargeability claim (debtor's willful and malicious injury of person or property).

III.	CONCLUSION

The Court will enter an Order deferring the filing fee in this adversary.  If Plaintiff obtains a money judgment and collects any substantial portion thereof, the fee will be due at that time.

---

[3] Plaintiff alleges that she was mentally and physically abused by Defendant; that Defendant borrowed money from a third party and pledged her home as collateral; that he did not pay the debt and she lost her house and her belongings; that Defendant intentionally infected her with a disease; that Defendant caused her mental distress including panic attacks and anxiety attacks for which she has sought professional help; that Defendant knowingly failed to list her as a creditor in his bankruptcy, failed to disclose a purported ownership interest in a California property, and failed to disclose bank accounts; and finally that Defendant lied about his family size and ownership of cars, a life insurance policy and timeshares.

Honorable David T. Thuma
United States Bankruptcy Judge

Date entered on docket: January 18, 2013

Copies to:

Joy Galey
PO Box 101
Barstow, CA 92312-0101

Glen L Houston
1304 W Broadway Pl
Hobbs, NM 88240-5508